## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY E. MOYER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 05-cv-0552-MJR** |
| | ) | |
| GATEWAY REGIONAL MEDICAL | ) | |
| CENTER, and GRANITE CITY | ) | |
| ILLINOIS HOSPITAL COMPANY | ) | |
| L.L.C., d/b/a GATEWAY REGIONAL | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A. Factual and Procedural History

On August 4, 2005, Plaintiff Mary E. Moyer filed a complaint with this Court alleging

her employer, Gateway Regional Medical Center[1] ("Gateway"), discriminated against her in violation

of the **Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* Title VII of**

**the Civil Rights Act of 1964 ("Title VII")**, and the **Civil Rights Act of 1991, 42 U.S.C. § 1981a**

(*See* Doc. 1).   Specifically, Moyer alleges that she was passed over for promotion in favor of a

younger male employee and that, due to her age and sex, was denied overtime, demoted, and

discriminated against in other terms of her employment. *See id.*

---

[1]

Although Moyer has named both "Gateway Regional Medical Center" and "Granite City Illinois Hospital Company, LLC" as separate defendants, Moyer's complaint makes clear that both of these entities compose "Gateway Regional Medical Center," the entity Moyer designates as her employer (*See* Doc. 1, ¶ 3).  For purposes of this Order, the Court adopts this designation and will refer to both parties collectively as "Gateway."

Now before the Court is Gateway's motion to strike and to dismiss for failure to state a claim (Doc. 12).

B. Analysis

In its motion to strike and to dismiss, Gateway asserts three arguments attacking Moyer's complaint.  The Court will consider each in turn.

### Whether Moyer's "Failure to Promote" Claim is Time-Barred

Gateway first asserts that Moyer's "failure to promote" claim is time-barred because Moyer failed to file a charge with an appropriate administrative agency with 300 days of that allegedly discriminatory action.

In her complaint, Moyer asserts that "on or about July 29, 2003 [Gateway] promoted a young male employee to the position of Security Coordinator" (Doc. 1, ¶ 8).  Moyer further alleges that "[Gateway] intentionally passed over [her] for the position of Security Coordinator because of her age and sex." *Id.* at ¶ 11.

The enforcement provisions of Title VII and the ADEA require the filing of an administrative charge as a prerequisite to the maintenance of a lawsuit. **42 U.S.C. §§ 2000e-5(e)(1)** and **12117(a)**; *National Railroad Passenger Corporation v. Morgan,* **536 U.S. 101, 109 (2002)**; *EEOC v. Commercial Office Products Co.,* **486 U.S. 107, 109 (1988).**  In Illinois, charges of discrimination based upon Title VII or the ADEA must be filed within three hundred days "after the alleged unlawful employment practice occurred." *National Railroad,* **536 U.S. at 110;** *Koelsch v. Beltone Electronics Corp.,* **46 F.3d 705, 707 (7th Cir. 1995);** *see also Flannery v. Recording Indus. Ass'n of America,* **354 F.3d 632, 637 (7th Cir. 2004)("Before bringing an ADEA or Title VII complaint, an employee must first file a charge of discrimination with the EEOC within three**

**hundred days of the alleged 'unlawful employment practice.'").** If a party fails to file an administrative charge within this time period, that party is barred from filing a complaint alleging violations of the federal anti-discrimination statutes. ***Hentosh v. Herman M. Finch University of Health Sciences,* 167 F.3d 1170, 1173-74 (7th Cir. 1999); *Vitug v. Multistate Tax Commission,* 88 F.3d 506, 511 (7th Cir. 1996); *Perkins v. Silverstein,* 939 F.2d 463, 469-70 (7th Cir. 1991).**

In the case at bar, Moyer filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") on July 7, 2004 (*See* Doc. 12, Ex. A). July 7, 2004 falls exactly 344 days after July 29, 2003, the date of the alleged discriminatory failure to promote (Doc. 1, ¶ 8). Notably, Moyer contends that Gateway's discrimination towards her is ongoing (*See, e.g.,* Doc. 1, ¶¶ 13, 14). However, as Gateway points out, according to Seventh Circuit law, "[f]or purposes of [the 300 day charge filing requirement], discrete discriminatory employment actions such as ... *failure to promote* ... are deemed to have been taken on the date they occurred, even if they form part of an ongoing practice or are connected with other acts." ***Beamon v. Marshall & Isley Trust Co.,* 411 F.3d 854, 860 (7th Cir. 2005)(emphasis added).**

Moyer failed to file a charge of discrimination within 300 days of the allegedly discriminatory failure to promote. Consequently, Moyer's *failure to promote* claim premised on Title VII and the ADEA is time-barred, and the Court **DISMISSES** this claim ***with prejudice*** pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b).**

This ruling only applies to the discrete act that is the basis for Moyer's claims in paragraphs 8 through 11 in her complaint (*See* Doc. 1). The Court's ruling on this point does not affect the balance of Moyer's allegations of discrimination, such as the "hostile work environment" claims asserted in paragraphs 12 through 14 of her complaint. *See id.*

### *Moyer's Claims of Discrimination Based Upon Her Race*

Gateway next argues that any claims of discrimination asserted by Moyer that are based upon her race should be dismissed for her failure to allege that she is a minority, and her failure to otherwise state a claim of racial discrimination (*See* Doc. 12, p. 6).

In response to this argument, Moyer states that this argument is "unfounded ... [as] [Moyer] has not sought relief for racial discrimination ...." (Doc. 17, p. 6).  Accordingly, Gateway's motion on this point is unnecessary and immaterial to this matter.  The Court therefore **DENIES** Gateway's request for this Court to dismiss any claims for "racial discrimination" because none are asserted by Moyer.

### *Whether Moyer May Recover Punitive Damages or Damages for Emotional Distress on Her ADEA-based Claims*

Finally, Gateway argues that this Court should strike Moyer's demand for punitive damages and compensatory damages to the extent Moyer's demand is based on the ADEA (Doc. 12, p. 4).  This Court agrees with Gateway that the ADEA does not authorize an award of punitive damages or emotional distress damages.  *See Franzoni v. Hartmarx Corp.,* **300 F.3d 767, 773 (7ᵗʰ Cir. 2002).**  Accordingly, Moyer is barred from recovering punitive damages or damages from emotional distress *to the extent* that her claims are based upon the ADEA.

However, Moyer might be entitled to punitive and compensatory damages based upon other theories of recovery asserted in her complaint, and at this point in the proceedings, **FEDERAL RULE OF CIVIL PROCEDURE 8(e)(2)** allows Moyer to "set forth two or more statements of a claim or defense alternately or hypothetically, either in *one count* or defense or in separate counts or defenses." **FED. R. CIV. P. 8(e)(2) (emphasis added).**  Accordingly, the Court **DENIES** Gateway's motion to

4

strike this portion of Moyer's complaint.

## C. <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** *in part* and **DENIES** *in part* Gateway's motion to dismiss (Doc. 12).  The motion is **GRANTED** to the extent Gateway requests that this Court dismiss Moyer's Title VII and ADEA claims that are based upon Gateway's allegedly discriminatory failure to promote as alleged in paragraphs 8 through 11 of her complaint (Doc. 1).  The balance of Gateway's motion is **DENIED.**

In addition, Moyer is hereby **ORDERED** to file with this Court an amended complaint consistent with this Order, separating claims if appropriate, and clarifying the legal theory supporting each claim.  Moyer will have until on or before June 30, 2006 to file her amended complaint.

**IT IS SO ORDERED.**

**DATED this 15th day of June, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**